**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE DELTA SMELT CASES, | 1:09-cv-407 OWW GSA |
| | 1:09-cv-422 OWW GSA |
| SAN LUIS DELTA-MENDOTA WATER AUTHORITY, et al. v. SALAZAR, et al. (Case No. 1:09-cv-407) | 1:09-cv-631 OWW GSA |
| | 1:09-cv-892 OWW GSA |
| | PARTIALLY CONSOLIDATED WITH: 1:09-cv-480 OWW GSA |
| STATE WATER CONTRACTORS v. SALAZAR, et al. (Case No. 1:09-cv-422) | AMENDMENT TO JUNE 24, 2009 SCHEDULING CONFERENCE ORDER. |
| COALITION FOR A SUSTAINABLE DELTA, et al. v. UNITED STATES FISH AND WILDLIFE SERVICE, et al. (Case No. 1:09-cv-480) | |
| METROPOLITAN WATER DISTRICT V. UNITED STATES FISH AND WILDLIFE SERVICE, et al. (Case No. 1:09-cv-631) | |
| STEWART & JASPER ORCHARDS, et al. v. UNITED STATES FISH AND WILDLIFE SERVICE, et al. (Case No. 1:09-cv-892) | |

The June 24, 2009 Scheduling Order in the Delta Smelt Cases provides, in Part V.C., that dispositive motions addressing legal issues appropriate for early resolution are those "set forth in the Matrix listing Common Claims Appropriate for Early Disposition," attached as Exhibit A to the Scheduling Order. The referenced section in that Matrix lists (1) claims brought

1

under the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act for failure to comply with NEPA prior to the preparation and issuance of the 2008 Biological Opinion; and (2) claims brought under the U.S. Constitution alleging that application of the Endangered Species Act violates the Commerce Clause.

In addition to these claims, Plaintiffs requested at oral argument that first round of summary judgment motions (i.e., those suitable for early disposition) include certain claims concerning the issuance of the Reasonable and Prudent Alternative ("RPA"). Plaintiffs assert that these RPA claims can be decided on the administrative record alone, without supplementation. (Supplementation, if appropriate, will not be completed by the time the first round of summary judgment motions is briefed.) Defendants and Intervenors rejoin that it is not yet possible to determine whether a decision on the RPA claims will require supplementation of the record.

The moving parties may present their RPA claims with the early disposition claims. Defendants and Defendant Intervenors may argue that the Administrative Record is incomplete and that RPA issues are not ripe for decision.

The June 24, 2009 scheduling order is SO AMENDED.

IT IS SO ORDERED.

Dated:   July 6, 2009                         /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE