**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE DELTA SMELT CASES, <br><br> SAN LUIS DELTA-MENDOTA WATER AUTHORITY, et al. v. SALAZAR, et al. (Case No. 1:09-cv-407) <br><br> ──────────────────────── <br> STATE WATER CONTRACTORS v. SALAZAR, et al. (Case No. 1:09-cv-422) <br><br> ──────────────────────── <br> COALITION FOR A SUSTAINABLE DELTA, et al. v. UNITED STATES FISH AND WILDLIFE SERVICE, et al. (Case No. 1:09-cv-480) <br><br> ──────────────────────── <br> METROPOLITAN WATER DISTRICT V. UNITED STATES FISH AND WILDLIFE SERVICE, et al. (Case No. 1:09-cv-631) <br><br> ──────────────────────── <br> STEWART & JASPER ORCHARDS, et al. v. UNITED STATES FISH AND WILDLIFE SERVICE, et al. (Case No. 1:09-cv-892) <br> ──────────────────────── | 1:09-cv-407 OWW GSA <br> 1:09-cv-422 OWW GSA <br> 1:09-cv-631 OWW GSA <br> 1:09-cv-892 OWW GSA <br> PARTIALLY CONSOLIDATED WITH:  1:09-cv-480 OWW GSA <br><br> SECOND AMENDMENT TO JUNE 24, 2009 SCHEDULING CONFERENCE ORDER. |

The June 24, 2009 Scheduling Order in the Delta Smelt Cases provides, in Part V.C., that dispositive motions addressing legal issues appropriate for early resolution are those "set forth in the Matrix listing Common Claims Appropriate for Early Disposition," attached as Exhibit A to the Scheduling Order. The referenced section in that Matrix lists (1) claims brought

1

1  under the National Environmental Policy Act ("NEPA") and the
2  Administrative Procedure Act for failure to comply with NEPA
3  prior to the preparation and issuance of the 2008 Biological
4  Opinion; and (2) claims brought under the U.S. Constitution
5  alleging that application of the Endangered Species Act violates
6  the Commerce Clause.

7  In addition to these claims, Plaintiffs requested at oral
8  argument that first round of summary judgment motions (i.e.,
9  those suitable for early disposition) include certain claims
10 concerning the issuance of the Reasonable and Prudent Alternative
11 ("RPA").  Plaintiffs assert that these RPA claims can be decided
12 on the administrative record alone, without supplementation.
13 (Supplementation, if appropriate, will not be completed by the
14 time the first round of summary judgment motions is briefed.)
15 Defendants and Intervenors rejoin that it is not yet possible to
16 determine whether a decision on the RPA claims will require
17 supplementation of the record.

18 On July 7, 2009, the Scheduling Conference Order was amended
19 to permit the parties to "present their RPA claims with the early
20 disposition claims."  Doc. 133. at 2.  Defendants and Defendant
21 Intervenors were permitted to "argue that the Administrative
22 Record is incomplete and that RPA issues are not ripe for
23 decision."  *Id*.

24 The parties requested further clarification of the order,
25 Docs. 135 & 138, and a further scheduling conference was convened
26 on July 10, 2009.  The following clarifying language suggested
27 by the parties, with a minor modification, is adopted:
28

>The moving parties may present their RPA claims with the early disposition claims.  RPA claims that are to be heard with early dispositive motions are to be limited to facial challenges that address whether the requirements of the law have been met, without the necessity of a determination of disputed factual issues.

The scheduling order is SO **AMENDED**.

IT IS SO ORDERED.

Dated:   **July 15, 2009**              **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE

3