1
2
3
4          **UNITED STATES DISTRICT COURT**
5       **FOR THE EASTERN DISTRICT OF CALIFORNIA**
6

| | |
|---|---|
| **DELTA SMELT CONSOLIDATED CASES** | 1:09-CV-407 OWW DLB |
| **SAN LUIS & DELTA-MENDOTA WATER AUTHORITY,** *et al.* **v. SALAZAR,** *et al.* | ORDER RE APPOINTMENT OF F.R. EVID. 706 EXPERTS |
| **STATE WATER CONTRACTORS v. SALAZAR,** *et al.* | |
| **COALITION FOR A SUSTAINABLE DELTA,** *et al.* **v. UNITED STATES FISH AND WILDLIFE SERVICE,** *et al.* | |
| **METROPOLITAN WATER DISTRICT v. UNITED STATES FISH AND WILDLIFE SERVICE,** *et al.* | |
| **STEWART & JASPER ORCHARDS** *et al.* **v. UNITED STATES FISH AND WILDLIFE SERVICE.** | |

The parties have submitted extensive written and oral argument on the appointment of court-appointed experts pursuant to Federal Rule of Evidence 706.  Although the nature and/or extent of the need for expert assistance will not be known until the cross motions for summary judgment are filed, the following individuals are selected from those nominated by the parties:

    1. Mr. Paul Fujitani is selected as a 706 expert on the subject of CVP project operations.  Mr. Fujitani, who

1

    is an employee of Defendant Bureau of Reclamation, will not be deposed or required to testify in connection with his service as a 706 Expert.  His communications with the court shall not be considered ex parte, as they will be duly documented and made part of the record.

2. Dr. Thomas P. Quinn is selected as a 706 expert on fisheries biology, estuarine ecology, and fish migration and movement.  Dr. Quinn has a background in fish population dynamics, which necessarily requires some expertise in statistics.  He may be called upon to utilize this expertise as well, in a nonduplicative manner.

3. Dr. Andre Punt is selected as a 706 expert on fish population dynamics and statistics.  Dr. Punt will not be requested to provide his post-decisional research on analyzing the "effects of diversion" among "all stressors" on listed Central Valley salmonids.

4. John Lehigh, an employee of the California Department of Water Resources, is selected as an expert on State Water project operations, if necessary.  The same conditions that apply to Mr. Fujitani as a government employee shall apply to Mr. Lehigh.

Any costs incurred for the court's use of any of these experts shall be borne according to the following formula:

- Plaintiffs, as the parties seeking appointment of a 706 expert, shall bear 75% of the cost;
- Federal Defendants shall bear 20% of the cost;
- Defendant Intervenors, as non-profit organizations with limited resources, shall bear a nominal, 5% of the cost.

The parties are requested to consult with each other and the courtroom deputy, to set a status conference, at which Dr. Quinn and Dr. Punt may appear telephonically, to discuss logistical issues related to their expert appointments, including, but not limited to:

- The experts' views as to:
    - the extent of preliminary work they will need to perform to prepare for any questions propounded to them;
    - the amount of time needed to perform this preparatory work;
    - what additional information, if any, they will need from the Administrative Record to perform their work in this case;
    - their availability to consult with the court;
- The parties' views as to:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- the manner and method by which the district court shall propound questions to the experts and how any answers shall be recorded for the record;
- Whether written questions to and written responses by the experts shall be provided;
- Whether and, if so, on what conditions discovery of any opinions of Dr. Quinn and Dr. Punt shall be permitted.

SO ORDERED
DATED:  November 13, 2009

                                            /s/ Oliver W. Wanger
                                                Oliver W. Wanger
                              United States District Judge