UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTA SMELT CONSOLIDATED CASES | 1:09-CV-00407 OWW DLB |
| FAMILY FARM ALLIANCE, | 1:09-CV-01201 OWW DLB |
| Plaintiff, | ORDER TO SHOW CAUSE RE CONSOLIDATION |
| v. | |
| KENNETH LEE SALAZAR | |
| Defendant. | |

In the course of reviewing the pending motion to compel in *Family Farm Alliance v. Salazar*, 1:09-cv-01201 OWW DLB, set for hearing on December 14, 2009, it is apparent that most of the claims in *Family Farm Alliance*, brought under the Information Quality Act ("IQA") and the Endangered Species Act ("ESA"), substantially overlap with claims challenging the 2008 Biological Opinion ("BiOp") in the *Delta Smelt Consolidated Cases*. The first claim for relief in *Family Farm Alliance* alleges:

> The 2008 Biological Opinion failed to use the "best available scientific and commercial data available' as required by the IQA, IQA Guidelines and Section 7 of the ESA in at least the following ways:  By failing to conduct an objective analysis and premising the findings on assumptions; excluding and dismissing

1

> other, data supported analyses of the decline of the delta smelt, the results of which indicate that major adverse effects on the population dynamics of delta smelt are caused by factors other than the operations of the CVP and SWP; arbitrarily selecting the data relied upon and disregarding relevant data without explanation, including analyses and comments provided by a peer review panel; basing the analyses on data that was incorrect, incomplete, or otherwise of poor quality, including analyses that were not statistically defensible, that suffered from invalid assumptions, improper transformation of data, and/or which may have relied upon selective or improper use or manipulation of data points; failing to disclose all the data, analyses, or reports relied upon, and relying on key reports, data, and analyses that were and continue to be unavailable for review; and failing to critically analyze and assess the quality (e.g., accuracy, objectivity, reproducibility, and robustness) of the data and reports relied upon in the 2008 Biological Opinion.

*Family Farm Alliance*, 1:09-cv-1201 OWW DLB, Complaint ("FFAC"), Doc. 1 at ¶44.

The first cause of action in *San Luis & Delta-Mendota Water Authority et al. v. Salazar et al.*, 1:09-cv-407 OWW DLB, alleges:

> .... In fulfilling [the] requirements [of the ESA], Section 7 mandates that "each agency shall use the best scientific and commercial data available." 16 U.S.C. § 1536(a)(2). Section 7's mandate to use the "best scientific and commercial data available" applies to FWS Defendants' preparation and issuance of the 2008 Biological Opinion.

*San Luis* First Amended Complaint ("SLFAC"), Doc. 292, at ¶53. The SLFAC refers to various information quality standards, including those promulgated under the IQA, to define the best available science standard. *See id.* ¶¶ 54-69; *see also id.* ¶¶ 70-72 (similar allegations regarding FWS's Scientific Code of

2

Cnduct).  The SLFAC's substantive allegations also overlap with those in the FFAC:

> 73. FWS Defendants promulgated the 2008 Biological Opinion in a manner that is arbitrary, capricious and not in accordance with law, in excess of their statutory jurisdiction and authority, and in violation of the APA, because FWS Defendants failed to base their decisions on the best scientific and commercial data available, and failed to follow the applicable FWS Information Standards Policy, DOI Information Quality Guidelines, FWS Information Quality Guidelines, and FWS Scientific Code of Conduct.
>
> 74. The FWS Defendants failed to comply with the foregoing standards in the 2008 Biological Opinion. The 2008 Biological Opinion, including but not limited to the effects analysis, jeopardy and adverse modification determinations, reasonable and prudent measures, and incidental take statement, violated Section 7's "best scientific and commercial data available" mandate and the policies and guidelines interpreting this mandate in at least the following ways:
>
>> (a) FWS Defendants did not conduct an objective analysis but instead displayed a pervasive bias against the CVP and SWP, which caused Defendants to exclude and dismiss credible analyses whose results indicate that major adverse effects on the population dynamics of delta smelt are caused by factors other than the operations of the CVP and SWP, and involve relationships and factors other than those highlighted in the 2008 Biological Opinion;
>>
>> (b) FWS Defendants arbitrarily selected the data they did rely upon and disregarded relevant data without explanation, including analyses and comments provided by a peer review panel and by the Authority and State Water Contractors submitted to FWS Defendants before promulgation of the final 2008 Biological Opinion;
>>
>> (c) FWS Defendants based their analyses on data that was incorrect, incomplete, or otherwise of poor quality, including analyses that were not statistically significant and that suffered from

invalid assumptions, improper transformation of data, and improper exclusion of valid data points;

(d) FWS Defendants reached conclusions that are internally inconsistent, including relying upon particular reports and analyses as sufficient to support certain conclusions and assumptions in the 2008 Biological Opinion, but ignoring or discounting other findings in those same reports and analyses that refute or cast doubt upon the conclusions and assumptions the FWS Defendants relied upon in the 2008 Biological Opinion;

(e) FWS Defendants failed to disclose all the data, analyses, or reports that they relied upon, and relied on key reports and analyses that were and are unavailable for review;

(f) FWS Defendants failed to critically analyze and assess the quality (e.g., accuracy, objectivity, reproducibility, and robustness) of the data and reports they relied upon;

(g) FWS Defendants relied on speculative and conclusory determinations without providing any foundation linking such determinations to actual data or analyses;

(h) FWS Defendants failed to properly identify and discuss the numerous assumptions upon which they based their calculations and determinations, and failed to consider or discuss alternative assumptions that are equally valid and supportable;

(i) FWS Defendants failed to identify and discuss the risk to the quality and accuracy of the 2008 Biological Opinion as a result of their use of one or more unsubstantiated assumptions to reach certain conclusions or make certain calculations;

(j) FWS Defendants failed to discuss and address numerous research results and data that conflict with and cast doubt upon the assumptions made, the reports relied upon, and the ultimate determinations made in the 2008 Biological Opinion regarding the major driving factors in delta smelt population dynamics;

        (k) FWS Defendants failed to disclose numerous research results and data known to them indicating that other factors, not the operations of the CVP and SWP, are the major causes of population-level effects to delta smelt;

        (l) FWS Defendants improperly relied upon loose correlations between certain factors and delta smelt population abundance while at the same time ignoring much stronger linear and multiple-factor correlations between other factors and delta smelt population abundance; and

        (m) FWS Defendants ignored or failed to respond to comments critiquing and questioning the analyses, conclusions, and recommendations in the 2008 Biological Opinion.

SLFAC ¶¶ 73-74.

*Family Farm Alliance* requests remedial relief:

    [1] [A] judicial declaration that the 2008 Biological Opinion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; that the best available scientific data standard and adherence to the mandates of the IQA and ESA require withdrawal of the 2008 Biological Opinion from the public domain and remand to the Defendants for the preparation and issuance of a new biological opinion in a manner based upon the best available scientific data, consistent with the statutory and regulatory requirements of the ESA and the IQA and its implementing Guidelines and Final Bulletin....

    2. [T]emporary, preliminary and permanent injunctive relief directing the Defendants to continue the operations of the CVP and SWP consistent with the Court's findings and determinations, including relief from the pumping restrictions and other aspects of the reasonable and prudent alternatives in the 2008 Biological Opinion, pending the issuance of a corrected biological opinion;

*Family Farm Alliance* Prayer for Relief, Doc. 1 at 18.  Likewise, the SLFAC requests:

> [1] [A] judicial declaration that the 2008 Biological Opinion, and the acceptance and implementation thereof, is arbitrary, capricious, and abuse of discretion, not in accordance with law, and is in excess of statutory jurisdiction, authority or limitations;
>
> 2. [A]n order remanding the 2008 Biological Opinion to the FWS Defendants without vacatur so that the FWS Defendants may reconsider it based on the Court's findings and rulings, and for preparation of a new biological opinion in a manner consistent with the ESA, NEPA, and other requirements of law;
>
> 3. [T]emporary, preliminary and permanent injunctive relief directed to the FWS Defendants and Reclamation Defendants to continue CVP operations consistent with the Court's findings and rulings, including relief from the pumping restrictions and other aspects of the reasonable and prudent alternative in the 2008 Biological Opinion, pending completion of a new consultation and biological opinion;

SLFAC Prayer for Relief, Doc. 292 at 40.

*Family Farm Alliance* does raise one unique issue, namely, the Federal Defendants' alleged failure to respond to Plaintiff's IQA appeal within the requisite 60-day window. In all other respects, however, the factual and legal issues raised by *Family Farm Alliance* are substantially equivalent to the best available science claims advanced in the other *Delta Smelt Consolidated Cases*, raising the prospect that separate adjudication may not serve the interests of judicial economy and efficiency and may produce inconsistent judgments.

The parties shall show cause in writing on or before December 18, 2009, why *Family Farm Alliance* should not be consolidated for some or all purposes with the *Delta Smelt*

6

*Consolidated Cases*.  Any responses shall be filed by December 29, 2009.  A telephonic hearing will be held on January 11, 2010 at 11:15 a.m. in Courtroom 3.

```
SO ORDERED
Dated:   December 3, 2009
                                    /s/ Oliver W. Wanger
                                      Oliver W. Wanger
                                 United States District Judge
```