1

2

3

4

UNITED STATES DISTRICT COURT

5

FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7

| | |
|---|---|
| DELTA SMELT CONSOLIDATED CASES | 1:09-CV-407 OWW DLB |
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, *et al.* v. SALAZAR, *et al.* | MEMORANDUM DECISION AND ORDER GRANTING STEWART & JASPER PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT ON COMMERCE CLAUSE CLAIM. |
| STATE WATER CONTRACTORS v. SALAZAR, *et al.* | |
| COALITION FOR A SUSTAINABLE DELTA, *et al.* v. UNITED STATES FISH AND WILDLIFE SERVICE, *et al.* | |
| METROPOLITAN WATER DISTRICT v. UNITED STATES FISH AND WILDLIFE SERVICE, *et al.* | |
| STEWART & JASPER ORCHARDS *et al.* v. UNITED STATES FISH AND WILDLIFE SERVICE. | |

8

9

10

11

12

13

14

15

16

17

18

19

## I. INTRODUCTION

20

Pursuant to Federal Rule of Civil Procedure 54(b),

21

Plaintiffs in S*tewart & Jasper Orchards, et al. v. United States*

22

*Fish and Wildlife Service*, 1:09-cv-892 OWW DLB, ("Stewart

23

Plaintiffs") move for entry of partial final judgment on their

24

claim that the application of the Endangered Species Act ("ESA")

25

to the threatened delta smelt (*hypomesus transpacificus*) exceeds

26

Congress' authority under the Commerce Clause. Doc. 367, filed

27

28

Nov. 23, 2009.  Federal Defendants take no position on the motion.  Doc. 413, filed Nov. 20, 2009.  Defendant Intervenors oppose.  Doc. 416, filed Nov. 23, 2009.

## II. PROCEDURAL HISTORY

*Stewart* was consolidated with four other, related matters on June 24, 2009 under case No. 1:09-cv-407 OWW DLB ("The Delta Smelt Consolidated Cases").  Doc. 120.  During the joint scheduling conference, it was recognized that the claims in the consolidated cases fell into several distinct categories, including claims challenging: (1) the application of the ESA to the delta smelt under the Commerce Clause; (2) the issuance and implementation of the 2008 biological opinion ("BiOp") under the National Environmental Policy Act ("NEPA"); and (3) the issuance and implementation of the BiOp under the Endangered Species Act ("ESA").

Certain claims, including the Commerce Clause challenges, were determined to be amenable to early resolution.  Doc. 120 at 6-7 & Ex. A.  These claims were briefed on cross motions for summary judgment during August and September 2009, oral argument was heard November 2, 2009, and a memorandum decision denying Plaintiffs' motion for summary judgment and granting Federal Defendants and Defendant Intervenors' cross-motions on the Commerce Clause claims issued November 10, 2009.  *See* Docs. 334 & 339.  Cross motions for summary judgment on the remaining claims

2

will be heard at the end of April 2010.

## III. <u>ANALYSIS</u>

In the Ninth Circuit, appeals in consolidated actions are permitted "only when there is a final judgment that resolves all of the consolidated actions unless a [Federal Rule of Civil Procedure] 54(b) certification is entered by the district court." *Schnabel v. Lui*, 302 F.3d 1023, 1036 (9th Cir. 2002) (internal citation and quotation omitted). Rule 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

Rule 54(b) "permits a district court to enter separate final judgment on any claim or counterclaim, after making an express determination that there is no just reason for delay. This power is largely discretionary, to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (internal citations and quotations omitted). Rule 54(b) should be applied using a "pragmatic approach focusing on severability and efficient judicial administration." *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir.

1987).

Defendant Intervenors argue that it would be inappropriate to make the requisite determination that "there is no just reason for delay" here, because "Defendant-Intervenors would be severely prejudiced by having to defend against an early appeal of the Commerce Clause claim while simultaneously litigating the numerous, very active claims before this Court."  Doc. 416 at 1. At the same time, Defendant Intervenors also argue "that given that [the] *Stewart* Plaintiffs' Commerce Clause claim has been rejected by every court that has considered it, there would be no inequity in requiring them to await final judgment resolving all claims herein before taking this ill-founded theory up on appeal."  *Id.*  It is difficult to understand how Defendant Intervenors would be "severely prejudiced" by having to defend against an "ill-founded" constitutional challenge, particularly in light of the fact that Defendant Intervenors played a secondary role in briefing the Commerce Clause issue, which was primarily offered by the Federal Defendants.  There is no just reason for delay in this case, as the Commerce Clause claim is a stand-alone theory under an entirely separate body of law that does not implicate detailed factual, scientific analyses raised by the other .claims in the Consolidated Delta Smelt Cases.

Certification under Rule 54(b) may be appropriate where the matters disposed of are "sufficiently severable factually and

4

legally from the remaining matters," and could "completely extinguish[] ... liability." *Continental Airlines,* 819 F.2d at 1525. The Commerce Clause issue is legally distinct from the other issues in the Consolidated Delta Smelt Cases, and unlike resolution of the NEPA and ESA claims, which require in depth review of the BiOp and/or the Administrative Record, the Commerce Clause claims turn on a narrow set of largely undisputed facts. Moreover, if the *Stewart* Plaintiffs prevail on appeal of their Commerce Clause claim, such a resolution would likely be dispositive of the merits of the remaining claims in that case.[1]

Final partial judgment is ENTERED as to the Commerce Clause claim in the Stewart case and the claim is CERTIFIED to the Court of Appeal for the Ninth Circuit, as there is no just reason for delay.

SO ORDERED
DATED: December 9, 2009

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge

---

[1] There is little merit to Defendant Intervenors' argument that denying this motion "would vindicate the judicial policy against piecemeal review that Rule 54(b) embodies and avoid burdening the Ninth Circuit with sequential appeals of issues herein." Doc. 416 at 1. The Commerce Clause issues are sufficiently legally and factually separate to avoid any judicial inefficiency caused by piecemeal litigation.