**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| DELTA SMELT CONSOLIDATED CASES | Case No. 1:09-cv-407 OWW <br><br> **Order Following Nov. 25, 2009 Status Conference Regarding Fed. R. Evid. 706 Experts** <br><br> Judge:   Hon. Oliver W. Wanger |

On November 25, 2009, the Court held a status conference regarding the protocols, logistics, and manner of communication to be followed if the Court decides that the assistance of Court-appointed neutral experts pursuant to Federal Rule of Evidence 706 is necessary to resolve Plaintiffs' forthcoming motion(s) for preliminary injunctive relief (due December 3, 2009) and the parties' forthcoming motions for summary judgment on Plaintiffs' Endangered Species Act claims (due January 29, 2010 and March 19, 2010, respectively). After considering the arguments presented by the parties during the status conference, and good cause appearing therefore,

THE COURT HEREBY ORDERS:

1.     Federal Defendants shall immediately serve on Dr. André Punt and Dr. Thomas Quinn a copy of the Administrative Record for the December 15, 2008 Biological Opinion in the same searchable DVD format as Federal Defendants provided to the Court.

2.     Plaintiffs and/or Plaintiff-Intervenor the California Department of Water Resources shall serve on Drs. Punt and Quinn the expert declarations and attached materials provided by Dr. Ray Hilborn, Dr. Bryan Manly, Dr. Charles Hanson, Dr. Richard Deriso, Tara Smith and Aaron Miller (Docket Nos. 393, 395-98, 400-01).

3.     There shall be no communication between (1) Drs. Quinn and Punt on the one hand and (2) any of the parties' expert witnesses on the other about the delta smelt, the 2008 Biological Opinion, this matter, or any of the materials filed in this matter. The parties' expert witnesses identified to date are Drs. Hilborn, Manly, Hanson, and Deriso, Ms. Smith, and Mr. Miller. If the opinions of any other expert witnesses are filed or relied upon by any of the parties, the identities of those experts shall be made known to Drs. Quinn and Punt.

4.     All parties shall serve Drs. Punt and Quinn with all materials filed with the Court in this matter from this date forward until further Order of the Court, to the following addresses:

Dr. André Punt
University of Washington
School of Aquatic and Fishery Sciences
P.O. Box 355020
Seattle, WA 98195

Dr. Thomas Quinn
University of Washington
School of Aquatic and Fishery Sciences
P.O. Box 355020
Seattle, WA 98195

Materials may be served electronically at the election of Drs. Punt and Quinn. No party may otherwise engage in *ex parte* communications with Drs. Quinn or Punt unless permitted by this Order or by the Court.

Order Following Nov. 25, 2009
Status Conference Re. 706 Experts        2        Case No. 09-cv-407 OWW

1    5.    The parties shall attach to each motion, brief or other paper filed in this case a
2 copy of the Administrative Record portions relied upon or cited to in that document.

3    6.    For their work in this case, Drs. Punt and Quinn shall not be permitted to review
4 materials other than those that comprise the Administrative Record (as supplemented) or that
5 have otherwise been made a part of the record of this case by Order of this Court, except as
6 necessary to respond to questioning from the Court, if any, regarding whether Defendant U.S.
7 Fish and Wildlife Service ("the Service") failed to account for the best scientific and commercial
8 data available in promulgating the 2008 Biological Opinion. For purposes of this Order, "best
9 scientific and commercial data available" means scientific information, dated December 15,
10 2008 or earlier, that a competent practitioner of aquatic and fisheries science would rely on and
11 that was reliable, credible, and that was available to the Service or otherwise generally accepted
12 and known within the aquatic and fisheries science community, as of December 15, 2008. If
13 Drs. Quinn or Punt review or rely upon extra-record materials, they shall make a record of those
14 materials and that record shall be made available to the parties. This provision shall not be
15 construed to require Drs. Punt and Quinn to undertake their own inquiries beyond the materials
16 that comprise the Administrative Record (as supplemented) or that have otherwise been made a
17 part of the record of this case by Order of this Court.

18    7.    If Drs. Quinn and Punt desire to confer about the Delta Smelt, the 2008 Biological
19 Opinion, this matter, or any of the materials filed in this matter, with experts other than the
20 parties' expert witnesses, they shall first notify the Court of the expert's identity and field of
21 expertise. The Court will in turn notify the parties of the request. The parties will then have five
22 days to file objections to the request. If no such objections are received, or if the Court overrules
23 any such objections, then Drs. Quinn or Punt may communicate with outside experts, but only so
24 long as: (1) any such communications are logged and the log made available to the parties; and
25 (2) any such inquiries are limited to the issue of whether the Service failed to account for the best
26 scientific and commercial data available, as it existed as of December 15, 2008, in promulgating
27 the 2008 Biological Opinion. This provision shall not be construed to require Drs. Punt and
28 Quinn to undertake their own inquiries beyond the materials that comprise the Administrative

Order Following Nov. 25, 2009
Status Conference Re. 706 Experts       3       Case No. 09-cv-407 OWW

PDF created with pdfFactory trial version www.pdffactory.com

1  Record (as supplemented) or that have otherwise been made a part of the record of this case by
2  Order of this Court.

3       8.      The expert opinions of Drs. Punt and Quinn shall be provided to the Court
4  exclusively in the following format:

5       a.      First, Drs. Quinn and Punt shall confer telephonically with the Court,
6  outside the presence of the parties, to discuss the areas on which each expert should focus
7  and to begin developing the questions that will be posed by the Court to Drs. Punt and
8  Quinn.

9       b.      The Court will thereafter draft written questions to Drs. Quinn and Punt
10  and circulate those to the parties. The parties shall be permitted to file written responses
11  with objections or suggested changes.

12       c.      After receiving and considering the parties' responses, the Court will
13  submit the questions, if any, as revised (if applicable), to Drs. Punt and Quinn.

14       d.      Drs. Quinn and Punt shall deliver to the Court written responses to the
15  Court's questions. The Court will make the experts' responses available to the parties by
16  way of the Court's CM/ECF electronic filing system. Drs. Punt and Quinn shall not
17  generate expert reports.

18       e.      The parties shall be permitted to file objections to the written responses of
19  Drs. Punt and Quinn.

20       9.      Drs. Quinn and Punt shall be compensated for their work in this matter by the
21  parties at the rate of $200.00 per hour each, plus reasonable expenses including travel, lodging,
22  meals, postage, telephone, and printing costs. Fees and costs shall be apportioned between the
23  parties as provided for in this Court's Order Re Appointment of F. R. Evid. 706 Experts dated
24  Nov. 13, 2009. *See* Docket No. 394.

25       10.      Drs. Punt and Quinn shall keep billing reports of time spent working on this
26  matter and shall submit their reports to the Court either at the conclusion of their service in this
27  matter, or periodically, as determined by Dr. Quinn and Dr. Punt. Each entry shall include the
28  date, number of hours worked, and a description of the activity (*i.e.*, documents reviewed,

Order Following Nov. 25, 2009
Status Conference Re. 706 Experts                   4                  Case No. 09-cv-407 OWW

PDF created with pdfFactory trial version www.pdffactory.com

persons contacted). Drs. Punt and Quinn shall provide copies of all receipts for expenses along with their time billing reports. The Court will then transmit the invoices to the parties for payment directly to Drs. Quinn and Punt.

IT IS SO ORDERED.

Dated: December 17, 2009           /s/ OLIVER W. WANGER
                                   Honorable Oliver W. Wanger
                                   United States District Court Judge