UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DELTA SMELT CASES | CASE NO.   1:09-cv-407-OWW-DLB |
| | 1:09-cv-422-OWW-DLB |
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, et al. v. SALAZAR, et al. (Case No. 1:09-cv-407) | 1:09-cv-631-OWW-DLB |
| | 1:09-cv-892-OWW-GSA |
| | PARTIALLY CONSOLIDATED WITH: |
| | 1:09-cv-480-OWW-GSA |
| STATE WATER CONTRACTORS v. SALAZAR, et al. (Case No. 1:09-cv-422) | 1:09-cv-1201-OWW-DLB |
| COALITION FOR A SUSTAINABLE DELTA, et al. v. UNITED STATES FISH AND WILDLIFE SERVICE, et al. (Case No. 1:09-cv-480) | **ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| METROPOLITAN WATER DISTRICT v. UNITED STATES FISH & WILDLIFE SERVICE, et al. (Case No. 1:09-cv-631) | |
| STEWART & JASPER ORCHARDS, et al. v. UNITED STATES FISH AND WILDLIFE SERVICE, et al. (Case No. 1:09-cv-892) | |
| FAMILY FARM ALLIANCE v. SALAZAR, et al. (Case No. 09-cv-1201) | |

The Court has read and considered the memoranda of points and authorities and other documents in support of and in opposition to the motions and cross-motions for summary judgment brought by: (1) Plaintiffs San Luis & Delta Mendota Water Authority and Westlands Water District, Metropolitan Water District of Southern California, State Water Contractors, Coalition for a Sustainable Delta and Kern County Water Agency, Stewart & Jasper Orchards,

{00266573; 1}                                    -1-

DIEPENBROCK
HARRISON
A PROFESSIONAL
CORPORATION

Order on Cross-Motions for Summary Judgment

Arroyo Farms, LLC, and King Pistachio Grove, and Family Farm Alliance; (2) plaintiff-in-intervention the California Department of Water Resources ("DWR"); (3) Federal Defendants the United States Department of the Interior, United States Fish and Wildlife Service ("FWS"), and the United States Bureau of Reclamation ("Reclamation"); and (4) Defendant-Intervenors Natural Resources Defense Council and the Bay Institute.  The Court has heard and considered the arguments of counsel at the hearing on these matters held on July 8 and July 9, 2010.  The Court allowed subsequent supplemental briefing from the parties and the Court has also fully considered those briefs.

The motions and cross-motions for summary judgment at issue relate to FWS's December 15, 2008 biological opinion ("BiOp") regarding the effects of the proposed operations of the federal Central Valley Project ("CVP") and the State Water Project ("SWP").  On December 14, 2010, the Court filed its "Memorandum Decision Re Cross Motions for Summary Judgment" (Doc. 757).  The December 14, 2010 memorandum decision constitutes the statement of reasons for the Court's ruling.

Accordingly, good cause appearing, and for the reasons more fully explained in the Court's memorandum decision, IT IS HEREBY ORDERED:

(A)     Plaintiffs' and DWR's motions for summary judgment that the BiOp violates the Endangered Species Act ("ESA") and the Administrative Procedure Act (" APA") are GRANTED IN PART AND DENIED IN PART; Federal Defendants' and Defendant-Intervenors' cross-motions that the BiOp complies with the ESA and APA are GRANTED IN PART AND DENIED IN PART.

(B)     Stewart & Jasper et al.'s motions for summary judgment that the BiOp failed to consider the economic impacts of promulgating the reasonable and prudent measures and that FWS illegally arrogated authority to itself over Reclamation and DWR are DENIED; Federal Defendants' and Defendant-Intervenors' cross-motions are GRANTED.

(C)     Family Farm Alliance's motion for summary judgment on its Information Quality Act claim is DENIED; Federal Defendants' and Defendant-Intervenors' cross-motions are

GRANTED.

(D) Plaintiffs' renewed motion for summary judgment that FWS violated the National Environmental Policy Act is DENIED; Federal Defendants' and Defendant-Intervenors' cross-motions are GRANTED.

(E) Plaintiffs' motion for summary judgment that Reclamation violated the ESA is DENIED; Federal Defendants' and Defendant-Intervenors' cross-motions are GRANTED.

(F) The BiOp and its Reasonable and Prudent Alternative are arbitrary, capricious, and unlawful, and shall be REMANDED to FWS for further consideration in accordance with this decision and the requirements of law.

(G) All parties shall appear at a status conference on January 4, 2011 at 12:00 noon, in Courtroom 3 (OWW), to address any need for further proceedings.

IT IS SO ORDERED.

Dated: **December 23, 2010**         **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE