UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTA SMELT CONSOLIDATED CASES | 1:09-CV-00407 OWW DLB<br>1:09-cv-00480-OWW-GSA |
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, *et al.* v. SALAZAR, *et al.* (1:09-cv-00407 OWW DLB) | 1:09-cv-00422-OWW-GSA<br>1:09-cv-00631-OWW-DLB<br>1:09-cv-00892-OWW-DLB |
| STATE WATER CONTRACTORS v. SALAZAR, *et al.* (1:09-cv-00480-OWW-GSA) | Partially consolidated with:<br>1:09-cv-01201-OWW-DLB |
| COALITION FOR A SUSTAINABLE DELTA, *et al.* v. UNITED STATES FISH AND WILDLIFE SERVICE, *et al.* (1:09-cv-00422-OWW-GSA) | MEMORANDUM DECISION AND ORDER RE DEFENDANT-INTERVENOR/ APPELLANTS' CERTIFICATION RE TRANSCRIPTS NECESSARY FOR APPEAL (DOC. 897) |
| METROPOLITAN WATER DISTRICT v. UNITED STATES FISH AND WILDLIFE SERVICE, *et al.* (1:09-cv-00631-OWW-DLB) | NINTH CIRCUIT CASE NO: 11-15871 |
| STEWART & JASPER ORCHARDS, *et al.* v. UNITED STATES FISH AND WILDLIFE SERVICE (1:09-cv-00892-OWW-DLB) | |
| FAMILY FARM ALLIANCE v. SALAZAR, *et al.* (1:09-CV-01201-OWW-DLB) | |

On April 7, 2011, Defendant-Intervenors Natural Resources Defense Council and The Bay Institute

1

("Appellants") filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit in this action.  Doc. 853.  The following day, Federal Defendants filed a motion to alter or amend the judgment, Doc. 856, which stayed the deadlines for the appeal until its resolution on May 4, 2011, Doc. 875.

Pursuant to Circuit Rule 10-3.1(a), Appellants notified the parties on May 16, 2011 that they intended to order the following district court transcripts (or portions thereof) for the appeal:

> (1) October 2, 2009 hearing on cross-motions for summary judgment;
>
> (2) October 19, 2009 hearing on motions to supplement the administrative record and motions to allow expert testimony;
>
> (3) April 2 & 5-7, 2010 hearing on motion for preliminary injunction; and
>
> (4) July 8-9, 2010 hearing on cross-motions for summary judgment.

Doc. 891-1 at 1 ("Transcript Notice").

The Transcript Notice lists the following as the issues Appellants intend to pursue on appeal:

> (1) Whether the district court erred in considering extra-record evidence in challenges to the 2008 biological opinion for the delta smelt under the Endangered Species Act [("ESA")] and Administrative Procedure Act [("APA")]?
>
> (2) Whether the district court erred in determining that the U.S. Fish & Wildlife Service failed to rely on the best available science or that the

       2008 biological opinion for the delta smelt was otherwise arbitrary and capricious under the [ESA] and [APA]?

  (3)  Whether the district court erred in determining that the U.S. Bureau of Reclamation was required to conduct environmental review of the 2008 biological opinion for the delta smelt under the National Environmental Policy Act [("NEPA")] prior to provisionally adopting and implementing the biological opinion?

*Id*. at 1-2.

On May 26, 2011, Plaintiffs State Water Contractors, Coalition for a Sustainable Delta, Kern County Water Agency, the Metropolitan Water District of Southern California, San Luis & Delta-Mendota Water Authority, and Westlands Water District ("Water Agency Appellees") responded to the Transcript Notice pursuant to Circuit Rule 10-3.1(b), arguing that "[t]o paint an undistorted picture of the district court's proceedings, the transcripts for <u>all of the approximately thirty-five hearing dates conducted by the trial court</u> are necessary to the appeal for the purpose of assisting the Court with an effective review of the issues."  Doc. 891-2 (emphasis added).  Water Agency Appellees identify the following 27 additional transcripts as "necessary" to the appeal:

  (1)  May 15, 2009 telephone conference regarding Appellants' Motion to Intervene in the May 22, 2009 preliminary injunction hearing;

  (2)  May 22, 2009 hearing regarding a motion for preliminary injunction;

3

  (3) June 10, 2009 hearing regarding an Old and Middle River flow decision;

  (4) June 19, 2009 scheduling conference;

  (5) July 10, 2009 scheduling conference;

  (6) August 12, 2009 hearing re motion for extension of time;

  (7) October 6, 2009 conference regarding Federal Rule of Evidence 706 court-appointed experts ("706 Experts");

  (8) October 8, 2009 conference regarding 706 Experts and setting an extended hearing on motions for summary judgment;

  (9) November 19, 2009 scheduling conference regarding [NEPA] remedies, 706 Experts, and intervention by the California Department of Water Resources;

  (10) November 25, 2009 scheduling conference regarding NEPA remedies;

  (11) December 7, 2009 hearing regarding motion for entry of judgment;

  (12) January 11, 2010 order to show cause hearing regarding consolidation of Plaintiff Family Farm Alliance's claims;

  (13) January 26, 2010 telephonic status conference regarding schedule for motions for temporary restraining order, preliminary injunction, and summary judgment;

  (14) February 2, 2010 hearing regarding motion for temporary restraining order;

  (15) February 10, 2010 hearing regarding motion for temporary restraining order;

  (16) February 12, 2010 telephonic status conference regarding motion for preliminary injunction;

  (17) March 16, 2010 telephonic scheduling conference regarding motion for summary judgment;

  (18) March 30, 2010 hearing regarding motions for preliminary injunction and temporary restraining order;

  (19) March 31, 2010 hearing regarding motions for preliminary injunction and temporary restraining order;

```
1         (20) April 1, 2010 hearing regarding motions for
               preliminary injunction and temporary restraining
2              order;
          (21) May 4, 2010 telephonic status conference regarding
3              hearing dates;
4         (22) May 28, 2010 telephonic status conference
               regarding imminence of harm to Delta smelt;
5
          (23) January 4, 2011 status conference regarding
6              further hearings;
7         (24) February 9, 2011 telephonic scheduling conference
               regarding motion for preliminary injunction;
8
          (25) February 23, 2011 hearing regarding motion in
9              limine to exclude witnesses;
10        (26) February 25, 2011 telephonic status conference
               regarding stipulation for interim remedies;
11
          (27) April 27, 2011 hearing regarding motion to amend
12             judgment.
13       Appellants do not agree that these transcripts are

14  necessary to the appeal.  The Ninth Circuit Rules provide

15  a procedure for resolving such disputes.  Circuit Rule

16  10-3.1(d) provides:

17           In ordering the transcripts, appellant shall
             either order all portions of the transcript
18           listed by both appellant and appellee or certify
             to the district court pursuant to subsection (f)
19           of this rule that the portions listed by
             appellee in the response to appellant's initial
20           notice are unnecessary.
21
    Circuit Rule 10-3.1(f) provides:
22
             If appellee notifies appellant that additional
23           portions of the transcript are required pursuant
             to Circuit Rule 10-3.1(b), appellant shall make
24           arrangements with the court reporter to pay for
             these additional portions unless appellant
25           certifies that they are unnecessary to the
             appeal and explains why not.
26
27           If such a certificate is filed in the district
             court, with copies to the court reporter and
28
                                 5
```

> this court, <u>the district court shall determine which party shall pay for which portions of the transcript</u>. Appellant may ask the Court of Appeals for an extension of time to make arrangements with the court reporter to pay for the transcripts pending the district court's resolution of the issue.

Appellants argue that only the four transcripts they identified in their initial Transcript Notice are necessary for the appeal:

- The October 19, 2009 hearing on motions to supplement the administrative record and motions to allow expert testimony, and well as the four days (April 2 & 5-7, 2010) of the second preliminary injunction hearing during which the Court heard testimony from witnesses for the Water Agency Appellees and took evidence that was the subject of the October 19, 2009 motion, are relevant and necessary to Appellants' challenge to the district court's consideration of extra-record evidence.
- The October 2, 2009 and July 8-9, 2010 hearings on cross-motions for summary judgment directly concern whether the Bureau of Reclamation's was required to conduct environmental review of the 2008 biological opinion under the NEPA, and whether the U.S. Fish & Wildlife Service failed

6

to rely on the best available science or whether the 2008 biological opinion was otherwise arbitrary and capricious under the ESA and APA.

Appellants offer the following objections to the additional 27 transcripts identified by Water Agency Appellees:

- Items 1, 4, 5, 7, 8-10, 13, 16, 17, 21-24, 26 are scheduling or status conferences which did not concern the issues on appeal.[1]

- Items 3, 6, 11, 12, 25, and 27 are hearings on matters unrelated or only very tangentially related to the issues on appeal.  *See id.*, items 3 ("June 10, 2009 hearing regarding an Old and Middle River flow decision"), 6 ("August 12, 2009 hearing re motion for extension of time"), 11 ("December 7, 2009 hearing regarding motion for entry of judgment"), 12 ("January 11, 2010 order to show cause regarding consolidation of Plaintiff Family Farm Alliance's claims"), 25 ("February 23, 2011 hearing regarding

---

[1] There is no merit to Water Agency Appellees' omnibus objection that Appellants' certification is insufficient because Appellants failed to explain "why" the 27 additional transcripts are unnecessary to the appeal.  Appellants explained generally why they believe the transcripts are unnecessary.  Although Circuit Rule 10-3.1(f) does require appellant to "explain why" the additional transcripts are unnecessary, the Rule does not set forth any specificity requirements for that explanation.  Appellants' explanations are sufficient to permit resolution of this dispute.

7

> motion *in limine* to exclude witnesses"); 27 ("April 27, 2011 hearing regarding motion to amend judgment").

- The remaining six transcripts from hearings on motions for temporary restraining order or preliminary injunction.  Appellants already identified transcripts from four days (April 2 & 5-7, 2010) of the second preliminary injunction hearing.  Those days concern the admission of extra-record evidence.  The remaining days of that hearing, items 18-20, primarily involved testimony related to injunctive relief requests in the Consolidated Salmonid Cases.  The earlier injunctive relief proceedings (items 2, 14, 15) likewise do not directly relate to the issues on appeal.

Doc. 891 at 2-3.

Water Agency Appellees respond generally that "[b]ecause Appellants have broadly cast the issues on appeal as relating to the Court's findings and conclusions related to extra-record evidence, application of the best available science standard, and [NEPA]... Appellees cannot possibly determine at this stage what the specific nature of Appellants' arguments will be, nor the support they will rely upon in making thse

arguments."  Doc. 897 at 1.  But, the requirement that transcripts be deemed "necessary to the appeal" *see* Circuit Rule 10-3.1(b), must be given <u>some</u> meaning.  Although caselaw interpreting this rule is limited, one district court in Alaska required appellees to cover approximately half the costs of transcript production where the appellees demanded inclusion of <u>all</u> testimony from a trial, deeming this "the most expensive way to proceed."  *Lumbermens Mut. Cas Co v. Luciano Enterp., LLC*, 2005 WL 1203021, *2 (D. Alaska, May 15, 2005).  The district court reasoned that "[w]hile most of the testimony is important, certainly not all of it is worth transcribing.  [Appellee] could have made, but chose not to make, an effort to be more precise and frugal in its designation witness, warranting at least a sharing of costs by the party making such a demand."  *Id*.

   Here, Appellees cannot demonstrate that "most" of the transcribed proceedings are "important."  The most specific rationale offered is that "[a]mong the broadly-framed issues raised by Defendant-Intervenors on appeal is the admission of extra-record evidence."  Doc. 897 at 2.  According to Water Agency Appellees, this issue "was addressed repeatedly during the district court proceedings and, on each occasion, the Court provided

9

assurance to the parties that it was aware of the limitations on the admission of extra-record evidence and would apply those limitations to the specific circumstances at hand." *Id*.  Water Agency Appellees argue that "[t]he limited range of transcripts selected by Appellants is unlikely to permit Water Agency Appellees to make a showing of the continuing awareness by the Court of the relevant restrictions on the admission of such evidence.  Inclusion of the entire range of transcripts on appeal, on the other hand, will allow such a showing to be made." *Id*.  The law regarding the use of extra-record evidence was reviewed in great detail during the hearings designated by Appellants.  *See* October 19, 2009 hearing transcript.  It has also been the subject of at least one written order.  *See* Doc. 462. In a technical sense, the additional transcripts are not "necessary" to address this issue on appeal.

    The rules do not provide the district court with authority to completely exclude transcripts from the appellate record.  Rather, the district court is only authorized to apportion the costs of transcript production.  *See* Circuit Rule 10-3.1(f).  Because the additional requested transcripts are not technically necessary to the appeal, Water Agency Appellees must pay

10

for their production and inclusion in the appellate record.

SO ORDERED
Dated: June 8, 2011

                                              /s/ Oliver W. Wanger
                                           United States District Judge