# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONSOLIDATED DELTA SMELT CASES | Lead Case:<br>1:09-cv-407-LJO-BAM<br><br>Member Cases:<br>1:09-cv-422-LJO-DLB<br>1:09-cv-631-LJO-DLB<br>1:09-cv-892-LJO-GSA<br><br>Partially Consolidated With:<br>1:09-cv-480-LJO-GSA<br>1:09-cv-1201-LJO-DLB<br><br>**AMENDED JUDGMENT** |

In accordance with the Ninth Circuit's ruling in *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581 (9th Cir. 2014), which reversed in part and affirmed in part the following Orders of this Court and remanded for further proceedings consistent with the Ninth Circuit's Opinion: (1) the Court's November 13, 2009 Memorandum Decision (Doc. 399) and related Order dated December 2, 2009 and filed December 9, 2009 (Doc. 457) granting in part the motion for summary judgment of Plaintiffs San Luis & Delta-Mendota Water Authority and Westlands Water District ("San Luis Plaintiffs"), State Water Contractors ("SWC") and Metropolitan Water District of Southern California ("MWD") on their claims against the United States Bureau of Reclamation ("Reclamation") and Secretary of the Interior, Kenneth Lee Salazar, that Reclamation violated the National Environmental Policy Act ("NEPA") by failing to perform any NEPA analysis prior to provisionally adopting and implementing the December 15, 2008 biological opinion issued by the United States Fish and Wildlife Service ("USFWS") regarding the effects of the proposed operations of the federal Central Valley Project ("CVP") and the State Water Project ("SWP") on the delta smelt and its critical habitat (the "BiOp"); and

(2) the Court's December 14, 2010 Memorandum Decision (Doc. 757) and December 27, 2010 Amended Order (Doc. 763) on the motions and cross-motions for summary judgment brought by: (a) San Luis Plaintiffs, SWC, MWD, Coalition for a Sustainable Delta, Kern County Water Agency, Stewart & Jasper Orchards, Arroyo Farms, LLC, King Pistachio Grove, and Family Farm Alliance; (b) plaintiff-in-intervention the California Department of Water Resources ("DWR"); (c) USFWS and Reclamation; and (d) Defendant-Intervenors Natural Resources Defense Council and the Bay Institute, the Court hereby enters this Amended Judgment, which supersedes and replaces the prior Amended Judgment entered in this matter (Doc. No. 884).

All claims of all parties have been decided.  IT IS ORDERED that:

(A) Judgment is entered in favor of San Luis Plaintiffs and against Federal Defendants and Defendant Intervenors on San Luis Plaintiffs' Sixth Claim for Relief (Doc. 292, ¶ 114) that Reclamation violated NEPA, as set forth in the Court's December 2, 2009 Order and in *San Luis & Delta-Mendota Water Auth.*, 747 F.3d 581;[1]

(B) Judgment is entered in favor of Federal Defendants and Defendant-Intervenors and against Plaintiffs on any and all remaining claims;

(C) Reclamation's December 2008 Provisional Acceptance of USFWS' BiOp and RPA is REMANDED WITHOUT VACATUR.  Reclamation shall comply with its obligations under NEPA and issue a finding of no significant impact or record of decision by no later than December 1, 2015.

(D) The Court expressly retains jurisdiction during the period of remand, to the extent permitted by law.

(E) Plaintiffs and Federal Defendants shall meet and confer regarding any request by any

---

[1] The Court expresses no opinion as to the merit of Plaintiff State Water Contractors' ("SWC") assertion that the Amended Judgment should be modified to reflect that SWC is a prevailing party on its NEPA claim against Federal Defendants, *see* Doc. 1133 at 3 (citing 1:09-cv-00422 LJO GSA, Doc. 1 ¶¶ 57-69), as no procedural authority for any such amendment has been presented.

Plaintiff(s) for recovery of attorneys' fees and/or costs. Any motion for recovery of attorneys' fees and/or costs shall be filed in the time period or periods specified by the applicable statute.

(F) In light of *San Luis & Delta-Mendota Water Auth.*, 747 F.3d 581, FWS is no longer subject to the jurisdiction of this Court. This judgment does not affect the obligations of the other parties that remain within the Court's continuing jurisdiction to comply with its prior Orders (Doc. Nos. 1106, 1116).

IT IS SO ORDERED.

Dated: **September 30, 2014**      /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE