# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONSOLIDATED DELTA SMELT CASES | Lead Case:<br>1:09-cv-00407 LJO BAM<br><br>Member Cases:<br>1:09-cv-00422 LJO GSA<br>1:09-cv-00480 LJO GSA<br>1:09-cv-00631 LJO DLB<br>1:09-cv-00892 LJO DLB<br><br>Partially Consolidated With:<br>1:09-cv-01201-LJO-DLB<br><br>ORDER GRANTING RE MOTION TO EXTEND REMAND SCHEDULE (Doc. 1153) |

The amended judgment in the *Consolidated Delta Smelt Cases* requires the U.S. Bureau of Reclamation ("Reclamation") to conduct certain analyses under the National Environmental Policy Act ("NEPA") by December 1, 2015. Doc. 1135. Reclamation released a draft Environmental Impact Statement ("EIS") pursuant to NEPA on July 31, 2015, and simultaneously commenced a 60-day public comment period, which closed on September 29, 2015. *Id*. at 3. Reclamation maintains that it received a large number of highly complex comments on or slightly before that deadline – "far more than it had anticipated." *Id*. On October 5, 2015, Reclamation moved for a six week extension of the December 1, 2015 deadline (to January 12, 2016), asserting that six weeks is the shortest amount of time in which it believes it can fully address the volume of comments received, taking into consideration the intervening holidays. The Court set an expedited schedule to resolve the matter and permitted any party to file an opposition on or before October 7, 2015. Doc. 1154. No party has opposed the issuance of an extension, although several (which also filed comments on the draft EIS) believe six weeks is an insufficient amount of time for Reclamation to properly respond to the comments. *See* Docs. 1155-1159.

1

Fed. R. Civ. P. 60(b)(5) authorizes the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding [if] applying it prospectively is no longer equitable." A party invoking Rule 60(b)(5) must satisfy a two-prong standard. *United States v. Asarco, Inc.*, 430 F.3d 972, 979 (9th Cir. 2005) (citing *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992)). First, "[t]he moving party must satisfy an initial burden of showing a significant change either in factual conditions or in the law warranting modification of the [judgment]." *Id*. (citing *Rufo*, 502 U.S. at 384). Next, "the proposed modification [must be] suitably tailored to resolve the problems created by the changed factual or legal conditions." *Id*. (citing *Rufo*, 502 U.S. at 391). If the movant can point to "significantly changed factual conditions, … it must additionally show that the changed conditions make compliance with the [judgment] 'more onerous,' 'unworkable,' or 'detrimental to the public interest.'" *Id*. (citing *Small v. Hunt*, 98 F.3d 789, 795 (4th Cir. 1996) and quoting *Rufo*, 502 U.S. at 384).[1]

Here, Reclamation asserts that it was surprised by the volume and complexity of the comments received. Declaration of Pablo Arroyave, Doc. 1153-1, ¶ 5. Specifically, Reclamation received 35 well-developed probing comment letters and emails and two comments at public meetings, totaling approximately 860 individual comments that require responses. *Id*. All but three of these comments were received on the closing day of the comment period. *Id*. Given the complexity and scope of the draft EIS and the widespread interest in the issues it addresses, the Court finds it difficult to imagine why Reclamation did not anticipate such a volume of public comment. Nevertheless, taking Reclamation at its word for purposes of this motion, the Court concludes that the unexpected volume of complex comments constitutes a "significantly changed factual condition" that renders compliance with the December 1, 2015 deadline unworkable.

Reclamation requests a six-week extension of the deadline to January 12, 2016. As mentioned, some parties object that this is insufficient and at least one party suggests that the Court *sua sponte*

---

[1] *Rufo* and *Asarco* concerned the modification of consent decrees entered in cases involving institutional reform. The Ninth Circuit has confirmed that the standards set forth in *Rufo* provide a "general, flexible standard for <u>all</u> petitions brought under the equity provision of Rule 60(b)(5)." *Bellevue Manor Associates v. United States*, 165 F.3d 1249, 1255 (9th Cir. 1999) (emphasis added); *see also Conservation Cong. v. U.S. Forest Serv*., 2010 WL 3636142 (E.D. Cal. Sept. 14, 2010) aff'd, 489 F. App'x 151 (9th Cir. 2012) (applying *Rufo* in Administrative Procedure Act case).

2

extend the deadline to December 1, 2016. *See* Doc. 1156 (Response of San Luis & Delta Mendota Water Authority and Westlands Water District). The Court declines to do so. In general, a federal administrative agency is entitled to deference regarding "the methods, procedures, and time dimension of the needed inquiry" on remand. *Federal Power Commission v. Transcontinental Gas Pipe Line Corporation*, 423 U.S. 326, 333 (1976) (emphasis added). Reclamation has not requested a year extension and the Court will not create further delay where none has been justified by the record.

Accordingly, the Court GRANTS Reclamation's request to extend the deadline for the issuance of a Record of Decision under NEPA to on or before **January 12, 2016**. While this order is without prejudice to further extension requests, Reclamation is warned that: (a) further extension requests must be supported by specific showings of need and be accompanied by a demonstration that Reclamation has a cogent plan for meeting future deadlines; and (b) further requests to consider such extensions on an expedited basis will be viewed with disfavor.

IT IS SO ORDERED.

Dated:   **October 8, 2015**               /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

3